IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SUSANNE SULLIVAN, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 5:19-cv-1201

**SHRI JI ENTERPRISES, LLC, and AMITKUMAR T. PATEL** **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Susanne Sullivan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants Shri Ji Enterprises, LLC, and Amitkumar T. Patel (collectively "Defendants"), and she does hereby state and allege as follows:

## I. INTRODUCTION

1. This is a collective action brought by Plaintiff Susanne Sullivan, both individually and on behalf of all hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

3. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within

the applicable statutory limitations period, as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

4. Plaintiff seeks monetary damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendants knowingly and maliciously provided no benefit or consideration in exchange, despite knowing that Plaintiff performed such services with the anticipation of receiving compensation.

## II. <br>JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendants conduct business within the State of Texas, with their principal place of business in San Antonio.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendants reside in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

8. Therefore, the acts alleged herein had their principal effect within San Antonio in the Western District, and venue is proper pursuant to 28 U.S.C. § 1391.

## III. <br>THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Susanne Sullivan is a citizen of the United States and a resident of and domiciled in the State of Texas.

11. Plaintiff is employed by Defendants as an hourly-paid employee for Defendants' hotel business in San Antonio.

12. Plaintiff began her employment with Defendants in April of 2019 and continues to work for Defendants.

13. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA.

14. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

15. Defendant Shri Ji Enterprises, LLC ("Defendant Shri Ji"), is a limited liability company organized and conducting business under the laws of the State of Texas.

16. Defendant Shri Ji is an owner and operator of multiple hotels including Microtel Inn & Suites, Quality Inn, and Sure Stay in San Antonio.

17. Defendant Shri Ji and may be served through its registered agent for service of process Amitkumar T. Patel at 3911 IH-35 North, San Antonio, Texas 78219.

18. Upon reasonable information and belief, Defendant Amitkumar T. Patel ("Defendant Patel"), is an individual and resident of Bexar County.

19. Defendants operate as joint employers such that each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

20. Defendants Shri Ji and Patel were at all times relevant hereto operated as a single joint enterprise, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

21. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff and all other hourly employees.

22. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

23. As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

24. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

25. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as construction tools and equipment, and office supplies.

26. Defendants have at all times relevant hereto been engaged in interstate

commerce as that term is defined under the FLSA.

## IV.
## FACTUAL ALLEGATIONS

27. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

28. Within the relevant time period, Plaintiff and other similarly situated employees were paid an hourly wage.

29. Within the time period relevant to this case, Plaintiff and other hourly employees worked for Defendants.

30. Plaintiff was employed as an hourly-paid Night Auditor by Defendants at their Quality Inn and Microtel locations.

31. Plaintiff's job duties include clerical work such as balancing the day's books.

32. Defendants hired Plaintiff at a rate of $8.85 per hour and thereafter increased her wage to $9.00 per hour.

33. Defendants regularly require Plaintiff and other hourly employees to work more than forty (40) hours in a one-week period.

34. Plaintiff and other hourly employees regularly and typically work more than forty (40) hours per week for Defendants.

35. During the entirety of Plaintiff's employment, Plaintiff and other hourly employees were classified by Defendants as non-exempt hourly employees and were paid an hourly rate.

36. Defendants paid to Plaintiff and other hourly employees an amount equal to their regular hourly rate for each hour worked by them in excess of forty (40) hours per week.

37. Defendants did not pay Plaintiff and other hourly employees an overtime premium of 1.5 times their regular hourly rates for overtime.

38. For all hours worked including overtime, Defendants only paid Plaintiff her hourly rate of $8.85 or $9.00 per hour.

39. Defendants paid Plaintiff with a check separate from the check for her regular wages for her overtime hours, but never paid an overtime premium.

40. Plaintiff spoke directly with Defendant Patel about not receiving lawful overtime wages of time and a half for all time worked over forty (40) hours in a week, but Defendants refused to pay more than Plaintiff's straight time hourly rate for any and all hours worked claiming they did not have to comply with federal wage laws.

41. Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff and other hourly employees violated the FLSA.

42. At all times relevant hereto, Defendants maintained control over the times and dates Plaintiff was to be at work and how she was to perform her work. Defendants paid Plaintiff on a regular schedule. Plaintiff had no investment in Defendants' business or operations, and Defendants provided Plaintiff with supplies and facilities necessary to perform her job duties. This was true of all other hourly employees for Defendants as well.

43. Defendants at all times relevant hereto maintained an employer-employee relationship with Plaintiff and other hourly employees.

44. Plaintiff and other hourly employees routinely used and handled items and goods such as computers, cleaning supplies, and office supplies. Thus, Plaintiff and other hourly employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.
## REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff brings her FLSA claim on behalf of all other hourly employees employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including proper overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendant's common practice of not paying employees a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

51. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group includes at least 10 persons.

52. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, email addresses, and cell phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and email addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.
## FIRST CAUSE OF ACTION
## (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

55. At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. During the course of her employment with Defendants, Plaintiff was regularly and typically directly involved in interstate commerce, specifically by routinely using and handling items that were produced for or traveled in interstate commerce.

57. At all times relevant hereto, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59. Despite the entitlement of Plaintiff to overtime payments at the lawful rate of one and one-half (1.5) times her regular hourly rate for all hours worked in excess of forty (40) in each workweek, Defendants failed to pay Plaintiff a lawful overtime rate and instead paid Plaintiff an amount equal to her regular hourly rate.

60. Defendants willfully and intentionally failed to pay overtime wages.

61. By reason of the willful and intentional unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint.

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.
## SECOND CAUSE OF ACTION
## (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff brings this collective action on behalf of all other hourly employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for lawful overtime compensation for all the hours they worked in excess of forty (40) each week.

65. Plaintiff brings this action on behalf of herself and all other hourly employees of Defendants, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

66. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Like Plaintiff, the other hourly employees were often required to work more than forty (40) hours in a workweek and were only paid an amount equal to their regular hourly rate for each hour worked in excess of forty (40) per week.

68. As a result of Defendants' intentional and willful failure to pay employees a lawful and proper overtime premium of one and one-half (1.5) times their regular hourly rate to Plaintiff and other hourly employees, Plaintiff and other hourly employees have been deprived of proper compensation, despite their entitlement thereto.

69. Because these employees are similarly situated to Plaintiff and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid employees within the past three (3) years.**

70. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

71. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

72. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Susanne Sullivan, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act and their attendant and related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages suffered by Plaintiff and the collective and class members for all unpaid overtime compensation under the Fair Labor Standards Act and

its attendant and related regulations;

  F. Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective members pursuant to the Fair Labor Standards Act and its attendant and relating regulations;

  G. An order directing Defendants to pay Plaintiff and all opt-ins prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

  H. Such other relief as this Court may deem necessary, just, and proper.

            Respectfully submitted,

            **SUSANNE SULLIVAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

            SANFORD LAW FIRM, PLLC
            ONE FINANCIAL CENTER
            650 SOUTH SHACKLEFORD, SUITE 411
            LITTLE ROCK, ARKANSAS 72211
            TELEPHONE: (501) 221-0088
            Facsimile: (888) 787-2040

            */s/ Merideth Q. McEntire*
            Merideth Q. McEntire
            Tex. Bar No. 24105123
            merideth@sanfordlawfirm.com

            */s/ Josh Sanford*
            Josh Sanford
            Tex. Bar No. 24077858
            josh@sanfordlawfirm.com